# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>   Plaintiff,<br><br> vs.<br><br>CITY OF BILLINGS, ET AL.,<br><br>   Defendants. | CV 25-148-BLG-WWM<br><br><br>ORDER DENYING MOTION TO<br>ALTER OR AMEND |

Plaintiff James Morrison has moved to alter, amend or strike the Court's February 10, 2026 Order revoking his in forma pauperis status, under Federal Rule of Civil Procedure 59(e). (Doc. 7). Morrison's motion asserts two arguments: He was not given an opportunity to be heard on the revocation of his in forma pauperis status, and the Court failed to conduct the proper strike analysis of his prior dismissals. (Doc. 7 at 1). Morrison's motion is denied.

As an initial matter, Morrison's motion is not a proper Rule 59 motion. Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment within 28 days of its entry. Judgment has not been entered in this matter. In essence, Morrison is asking the Court to reconsider its prior Order. However, motions for reconsideration in the District of Montana are controlled by Local

Rule 7.3, which requires leave of court prior to filing a motion for reconsideration. The motion for leave must justify the motion for reconsideration because:

(1)    (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*

(B)    despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*

(2)    new material facts arose or a change of law occurred after entry of the order.

D. Mont. L.R. 7.3. Morrison's motion would likely not have fit this provision, given that he had not previously presented legal arguments or facts on the issue of his in forma pauperis status. However, the appropriate approach in this context would have been to apply for leave to file such a motion and to have explained those circumstances. The Court will construe his motion as a motion to reconsider under the local rule, since it certainly is not a motion to amend a judgment under Rule 59.

As to Morrison's first substantive point, he was not entitled to notice prior to the revocation of his in forma pauperis status. Morrison cites *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005) (*"Andrews I"*) in support of his assertion that the Court must offer him an opportunity to be heard prior to denying an in forma pauperis motion. (Doc. 7 at 1). However, in *Ray v. Lara*, 31 F.4th 692 (9th Cir.

2

2022), the Ninth Circuit rejected this position, after the district court clearly identified three prior dismissals in its *sua sponte* order denying Ray's motion to proceed IFP. "Having placed Ray on notice of the three cases that constituted strikes, *Andrews I* was satisfied. No part of the relevant statute required the court to provide Ray any additional process. 28 U.S.C. § 1915. Thus, the district court did not err by denying Ray's motion without providing him a further opportunity to be heard." *Ray*, 31 F.4th at 697 (internal citation omitted.) In Morrison's situation, however, having filed his motion to reconsider, he has had an opportunity to be heard.

Next, Morrison contests whether two of the three cases identified by the Court count as legitimate strikes. Morrison first questions whether *Morrison v. Spang*, CV 10-150-BLG-RFC, should count as a strike because the substantive law on the issue of tribal sovereignty has changed. (Doc. 7 at 2). For two reasons, Morrison's analysis fails. First, substantively, the change in the law would not benefit Morrison if he filed his lawsuit today. Morrison sued the President of the Northern Cheyenne Tribe over tribal policies and a criminal prosecution, and his specific allegations were directed at the Northern Cheyenne Tribe itself. *Morrison v. Spang*, CV 10-150-BLG-RFC, Doc. 2. These claims are exactly the kind of scenario that raises the issue of tribal sovereignty, rather than individual responsibility, as in the cases cited by Morrison in his motion.

3

But more importantly, there is no reason to retroactively apply any changes of substantive law to reassess whether a case stated a claim for the purposes of assigning a strike.

> "IFP" status is not a constitutional right. Congress created IFP status to assist indigent persons in bringing legitimate claims in the late 1800s. As a congressionally created benefit, IFP status is not constitutionally mandated and can be extended or limited by Congress. As the Eleventh Circuit held in *Rivera,* where no fundamental interest is at stake, " 'Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.' "

*Rodriguez v. Cook,* 169 F.3d 1176, 1180 (9th Cir. 1999) (citations omitted). Morrison's analysis imports substantive concepts of retroactivity into a procedural context. 28 U.S.C. § 1915(g) is a procedural rule that allows prisoners to avoid paying filing fees upfront. It does not impair any substantive rights. *Marks v. Solcum,* 98 F.3d 494, 495–96 (9th Cir. 1996) (holding that "three strikes" provision is merely procedural and raises no retroactivity concerns). When Morrison filed his suit, it was barred by immunity. Whether it would be today makes his filing no less improper at the time.

Relatedly, Morrison objects to the conclusion that "failure to state a claim" is an appropriate label for cases dismissed for lack of jurisdiction, a *Heck* bar, or clearly immune defendants. *See also Ray,* 31 F.4th at 697 (a *Heck* dismissal may constitute a strike for failure to state a claim when obvious from the face of the complaint (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)). Failure to state a

4

claim upon which relief can be granted is a broader category than Morrison presumes. If a fatal deficiency is clear from the face of the Complaint, whether that is jurisdiction, a *Heck* bar, or immunity, that failure will result in the conclusion that relief cannot be granted. *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) ("[T]here are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim.") *See also Ray*, 31 F.4th at 697. Morrison's construction of "failure to state a claim" is too narrow.

Finally, the Court's prior Order stated that Morrison had had *at least* three dismissals that resulted in strikes. In addition to those previously cited, the dismissal of *Morrison v. Yellowstone County, et al.*, CV 24-46-BLG-SPW-TJC, in both the district court, and on appeal, adds two strikes. (Appeal (No. 24-3744) dismissed as frivolous on Dec. 19, 2025.) Morrison is not entitled to proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED**:

1.    Morrison's motion to alter or amend (Doc. 7) is **DENIED**.

2.    If Morrison intends to proceed, he must pay the full filing fee of $405.00, on or before **April 6, 2026**.

3.    If payment is not timely received, the clerk will close the action.

4.     At all times during the pendency of this action, Morrison must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute.  Fed. R. Civ. P. 41(b).

DATED this 17th day of March, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE